Melvyn Tanenbaum, J.
On February 28, 1974 the District Attorney filed with the Suffolk County Clerk a certificate, dated February 26, 1974, appointing Patrick Henry as Chief Assistant District Attorney.
On March 12, 1974, the District Attorney filed with the Clerk of the County Legislature a list designating the order of succession in the District Attorney’s staff in compliance with section 702 of the County Law as follows:
DISTRICT ATTORNEY’S STAFF
LINE OF SUCCESSION
(1.) District Attorney Henry G. Wenzel, III
(2.) Chief Assistant District Attorney Patrick Henry
(3.) Chief of Indictment Bureau John P. Fay
On November 13, 1974, an application for an eavesdropping warrant was filed in the Supreme Court, Suffolk County, by said Chief Assistant District Attorney acting in the absence of the District Attorney. This initial application was granted on November 13, 1974. On December 13, 1974, the Supreme Court granted an application for a 30-day extension of the original application, together with a further application for an eavesdropping warrant covering telephone number 423-5772, based upon wiretap information received under the original order. On January 2, 1975 an Associate Justice of the Appellate Division granted an application for an eavesdropping wárrant on telephone number (212) 257-2113 based on information received under the original order and the orders of December 13, 1974.
Defendants moved to suppress wiretap evidence claiming that the orders authorizing interceptions were defective. This *384 claim is based on the alleged failure of the District Attorney to comply with the requirements of section 702 of the County Law, thus disqualifying the Chief Assistant District Attorney from making the initial application and resulting in the invalidity of successive orders based upon a defective predicate application.
CPL 700.05 (subd 5) provides: " 'Applicant’ means a district attorney or the attorney general of if authorized by the attorney general, the deputy attorney general in charge of the organized crime task force. If a district attorney or the attorney general is actually absent or disabled, the term 'applicant’ includes that person designated to act for him and perform his official function in and during his actual absence or disability.” (Emphasis supplied.)
Section 702 of the County Law provides: "4. In the event that more than one assistant is appointed, the district attorney shall designate in writing and file in the office of the county clerk and clerk of the board of supervisors the order in which such assistants shall exercise the powers and duties of the office in the event of a vacancy or the absence or inability of such district attorney to perform the duties of the office.”
The court takes judicial notice that there is more than one Assistant District Attorney appointed in Suffolk County.
While the District Attorney filed a succession list with the Clerk of the County Legislature, the court determines that the statement dated February 26, 1974, and filed in the office of the Clerk of the County of Suffolk on February 28, 1974, does not comply with the requirements of subdivision 4 of section 702 of the County Law.
Accordingly, the motion to suppress the evidence secured by wiretap interception and to dismiss the indictment is granted as to defendants Calvacca and Koenig and is granted also as to defendants Carbone, Muracca and Paventi, with leave to the District Attorney to represent to another Grand Jury.
"[ejvidence secured by wire interceptions pursuant to a court order issued in response to an application which was, in fact, not authorized by one of the statutorily designated officials must be suppressed”. (United States v Giordano, 416 US 505, 508.)
Defendants’ motions are otherwise denied as moot.